**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>Court Address: 1437 Bannock Street, Denver, CO 80202<br>Phone: 720-865-8301 | DATE FILED: January 26, 2017 5:31 PM<br>FILING ID: A81363F76E723<br>CASE NUMBER: 2017CV30358 |
| ADAM BILD,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY<br><br>Defendant | •COURT USE ONLY• |
| **ATTORNEY(S):**<br>Name:        Reeves D. Whalen, Reg. No. 40189<br>                    Jacob M. Burg, Reg. No. 47766<br>Attorneys:  Plaintiff<br>Address:    Burg Simpson Eldredge Hersh & Jardine, P.C.<br>                    40 Inverness Drive East<br>                    Englewood, Colorado 80112<br>Phone No.: (303) 792-5595<br>Fax No.:     Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:      rwhalen@burgsimpson.com<br>                    jburg@burgsimpson.com | Case No.:<br><br>Ctrm/Div.: |
| **COMPLAINT AND JURY DEMAND** | |

**COME NOW,** Plaintiff Adam Bild, by and though his attorneys BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for his Complaint and Jury Demand, and states and alleges as follows:

### PARTIES

1.  Plaintiff Adam Bild is a resident of Hillsborough County, Florida, residing at 9101 Tudor Drive, F 109, Tampa, FL 33615.

2. Defendant USAA Casualty Company, (hereinafter "USAA") is a foreign corporation licensed to do business in the State of Colorado with its principal place of business at 9800 Fredericksburg Road, San Antonio, TX 78288. The office of its registered agent is located at 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112.

## JURISDICTION AND VENUE

3. The Constitution of the State of Colorado provides that the District Court shall be the trial Court of record with general jurisdiction and shall have original jurisdiction over all civil, probate, and criminal matters, except as otherwise provided by statute and shall have jurisdiction as may be prescribed by law under the Constitution of the State of Colorado, Article VI, Section IX.

4. Personal jurisdiction is proper pursuant to C.R.S. § 13-1-124. The Court has personal jurisdiction over the Defendant by virtue of Defendant's operations and presence in Colorado, by its commission of tortious acts in Colorado, by its transacting business directed at Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous, and systematic contacts with Colorado.

5. Venue is proper in the District Court in and for the City and County of Denver pursuant to C.R.C.P. 98(c)(1) because Defendant USAA is a nonresident of Colorado, and Denver is the county designated in this Complaint.

## GENERAL ALLEGATIONS

6. On March 4, 2013, at approximately 1:09 PM, Plaintiff Adam Bild was a rear-seat passenger in a 2013 Toyota Sienna, traveling westbound on Colorado Interstate 70 approaching Mile Marker 205.5 in Summit County.

7. At or about that same time and place, Mr. John Lewin was traveling westbound on Colorado Interstate 70 in a 2006 Subaru Forester at an unknown distance behind the vehicle that Plaintiff Adam Bild was occupying.

8. The vehicle that Plaintiff was occupying was slowing for traffic ahead.

9. Mr. Lewin's vehicle collided with the rear of Plaintiff's vehicle.

10. At the time of the collision, Plaintiff was wearing a seatbelt.

11. As a result of the collision Plaintiff suffered serious bodily injury and trauma including, but not limited to: headaches, injuries to his neck and cervical spine, and injuries to his lower back and lumbar spine.

12. As a result of this incident Plaintiff has received significant medical treatment including but not limited to: numerous injections to diagnose and treat his ongoing pain and symptoms in his neck, back, and spine.

13. As a result of this incident Plaintiff has incurred approximately $54,673.72 in past medical bills.

14. Plaintiff's prior medical expenses, incurred as a result of this crash, have been reasonable and necessary.

15. Plaintiff's future proposed medical expenses are reasonable and necessary.

16. Plaintiff's past medical treatment and condition have been documented by his medical providers.

17. Plaintiff's medical treatment is ongoing and continuing.

18. Plaintiff's future medical treatment and condition have been documented by his medical providers.

19. As a result of this incident Plaintiff will likely require significant future medical treatment including but not limited to: a fusion at C5-6 and C6-7 and a Lumbar Discectomy and Foraminotomy at L4-5.

20. Prior to this crash, Plaintiff did not have a medical history of spinal injury.

21. The injuries sustained by Plaintiff, of which he has requested payment of underinsured motorist benefits, were caused by the March 4, 2013, motor vehicle collision.

22. At the time of the collision, Plaintiff was insured by Defendant USAA for underinsured motorist coverage benefits.

23. Prior to the March 4, 2013 collision, Plaintiff and Defendant USAA entered into a contract of insurance, Policy Number 00800 73 35C 7101 6 ("the Policy"), which was in full force and effect at the time of the motor vehicle collision.

24. Prior to the March 4, 2013 collision, Plaintiff regularly paid USAA monthly premium payments in exchange for underinsured motorist ("UIM") benefits.

25. Defendant USAA's UIM coverage creates an obligation to investigate claims.

26. Under the insurance contract, Defendant USAA may request an under oath statement from their insured.

27. Defendant USAA never requested a statement from their insured, Plaintiff Adam Bild, relating to his underinsured motorist claim arising from the March 4, 2013, collision.

28. Under the insurance contract, Defendant USAA may request an independent medical examination of their insured.

29. Defendant USAA never requested an independent medical examination of their insured, Plaintiff Adam Bild, relating to his underinsured motorist claim arising from the March 4, 2013, collision.

30. Defendant USAA's UIM coverage provided by the Policy creates an obligation to never put the Defendant's interests above that of their insured.

31. Defendant USAA's UIM coverage provided by the Policy creates an obligation to pay reasonable and necessary past medical expenses to their insured.

32. Defendant USAA's UIM coverage provided by the Policy creates an obligation to pay reasonable and necessary future medical expenses to their insured.

33. Defendant USAA's UIM coverage provided by the Policy creates an obligation to pay reasonable damages for non-economic losses to their insured.

34. Defendant USAA's UIM coverage provided by the Policy creates an obligation to pay reasonable damages for permanent impairment.

35. Defendant USAA's UIM coverage provided by the Policy creates an obligation to pay reasonable damages for disfigurement.

36. Defendant USAA's UIM coverage provided by the Policy creates an obligation to timely and thoroughly review claims submitted by their insureds.

37. Defendant USAA's UIM coverage provided by the Policy creates an obligation to pay undisputed damages to their insureds.

38. Plaintiff Adam Bild's prior medical expenses, relating to the March 4, 2013 collision, are undisputed by USAA.

39. Prior to the filing of this complaint, Defendant USAA has not paid any UIM benefits to its insured Plaintiff Adam Bild.

40. The Policy provided underinsured motorist coverage to Plaintiff in the amount of $1,000,000.

41. Plaintiff timely notified Defendant USAA of the collision and of his underinsured motorist claim.

42. John Lewin, the driver who caused collision, had liability insurance in the amount of $100,000.

43. John Lewin's liability insurance carrier offered to pay the policy limit of $100,000 to Plaintiff Adam Bild.

44. On February 10, 2016, Plaintiff sent USAA a letter asking for USAA's consent to settle with the liability insurance carrier for the policy limit of $100,000.

45. On February 19, 2016, Plaintiff sent USAA a second letter asking for USAA's consent to settle with the liability insurance carrier for the policy limit.

46. Plaintiff advised that it was critical that USAA's consent to settle be received no later than February 22, 2016.

47. On February 24, 2016, USAA provided Plaintiff with its consent to settle with Mr. Lewin's liability insurance carrier for the policy limit.

48. On March 21, 2016, Plaintiff provided USAA with a policy limits demand accompanied by supporting documentation.

49. Plaintiff's written demand was a request for payment of benefits under the provisions of his underinsured motorist coverage.

50. In the demand, Plaintiff included relevant medical bills and records.

51. In the demand, Plaintiff included a Life Care Plan from Shayna Fowler M.H.S., CRC, CLCP which summarized Plaintiff's estimated future medical treatment.

52. In the demand, Plaintiff included an Economic Loss Evaluation by Jeffery E. Nehls M.A. which calculated Plaintiff's estimated future economic costs.

53. In the demand, Plaintiff offered to provide Defendant USAA with medical release authorizations.

54. Per USAA's request, on March 25, 2016, Plaintiff granted USAA an extension of time to respond to Plaintiff's demand.

55. On April 6, 2016, Plaintiff provided USAA with a signed medical authorization and a list of his medical providers. Plaintiff asked for an evaluation by May 18, 2016.

56. On April 15, 2016, USAA provided Plaintiff with a letter stating they did not believe it was possible to complete their evaluation by May 18, 2016.

57. Defendant USAA indicated that it may take them up to eight additional weeks to evaluate this claim.

58. On April 18, 2016, Plaintiff provided USAA with a letter accepting USAA's request for an extension of time up to 8 weeks to evaluate his claim.

59. Following the request for additional time, USAA compiled records from Mr. Bild's medical history.

60. When Plaintiff provided USAA with its proposed medical release authorization, Plaintiff requested that USAA provide dates when they ordered and received his medical records.

61. At no time prior to the filing of this complaint did Defendant USAA provide Plaintiff with the dates they ordered and received his medical records nor did USAA provide copies of his medical records.

62. At no time prior to the filing of this complaint did Defendant USAA request any additional medical release authorizations or information regarding Plaintiff's prior medical history.

63. On May 24, 2016, Plaintiff provided USAA with a letter asking for the status on its receipt of his medical records.

64. On May 27, 2016, USAA provided Plaintiff with a letter stating that it anticipated having a response to his request for benefits no later than June 15, 2016.

65. On June 13, 2016, Ms. Fritz, the USAA adjuster assigned to Plaintiff's claim, provided Plaintiff with a letter stating that due to the authority she is requesting on her evaluation of Plaintiff's damages, she requires up to and including June 22, 2016, to complete her evaluation.

66. On June 15, 2016, Ms. Fritz advised Plaintiff that Plaintiff's claims for benefits exceeded USAA's regional maximum authority of $250,000.

67. On June 15, 2016, Ms. Fritz advised that she needed an extension of time to obtain additional authority in responding to Plaintiff's claim for benefits.

68. On June 23, 2016, Ms. Fritz advised that USAA management did not agree with her evaluation of the claim.

69. On June 23, 2016, Ms. Fritz stated that Defendant USAA evaluated Plaintiff's claims for benefits in the amount of $25,000.

70. Defendant USAA conducted two separate evaluations of Plaintiff's claims for benefits.

71. Defendant USAA's first evaluation, completed by adjuster Karen Fritz, was in excess of $250,000.

72. Following her evaluation, Defendant USAA's adjuster Karen Fritz recommended that USAA pay Plaintiff benefits in excess of $250,000.

73. On June 23, 2016, Plaintiff requested a complete evaluation of his claims for benefits in the next five business days.

74. On June 23, 2016, Defendant USAA contacted Plaintiff's counsel and asked for an extension until July 08, 2016, to provide a complete evaluation of Plaintiff's claims for benefits.

75. On July 1, 2016, Defendant USAA provided Plaintiff with an evaluation of his claims for benefits.

76. On July 1, 2016, Defendant USAA provided Plaintiff a letter stating that Defendant USAA never evaluated Mr. Bild's claim for benefits at or above $250,000.

77. On July 1, 2016, Defendant USAA further stated: 1) USAA did not consider future medical treatment because it was unaware of any additional medical treatment that Plaintiff had received beyond February 11, 2016, 2) it was unclear to USAA how Dr. Martinez established a 23% permanent impairment rating, and 3) it was unclear to USAA how Mr. Nehls' future economic loss calculations had any relevance to Plaintiff's claim.

78. On July 5, 2016, Plaintiff advised that he was still awaiting receipt of Defendant USAA's first initial claim evaluation by Karen Fritz.

79. On July 5, 2016, Plaintiff requested USAA to provide its initial claim evaluation by close of business on July 6, 2016.

80. On July 6, 2016, Defendant USAA adjuster Karen Fritz stated that she misspoke in her June 13, 2016, correspondence.

81. On July 6, 2016, Defendant USAA adjuster Karen Fritz stated that she previously made an initial evaluation and needed to obtain additional settlement authority.

82. On July 6, 2016, Defendant USAA adjuster Karen Fritz further stated that while her letter "implied the established value was in excess of my director's authority, it would have been more accurate to state that my (her) preliminary case value was in excess of settlement authority."

83. Ms. Fritz's letter dated July 6, 2016, was not received by Plaintiff's counsel until August 17, 2016.

84. On August 10, 2016, Defendant USAA refused to provide Plaintiff with its initial claim evaluation stating that its evaluation was work product.

85. On August 17, 2016, Plaintiff provided USAA with a letter again requesting USAA to provide Mr. Bild with USAA's initial evaluation of his claims for benefits.

86. On August 29, 2016, Plaintiff again requested that USAA provide its initial evaluation of his claims for benefits.

87. On August 29, 2016, Plaintiff put Defendant USAA on notice to preserve its initial evaluation.

88. On September 20, 2016, Plaintiff provided Defendant USAA with updated medical bills and records for its review.

89. On October 26, 2016, Defendant USAA provided Plaintiff with a letter offering $50,000 to resolve Plaintiff's UIM claim.

90. On October 26, 2016, Defendant USAA representative Kimberly Parker stated that $50,000 was fair and reasonable compensation for Plaintiff's UIM claims for benefits.

91. On October 26, 2016, Defendant USAA stated its offer was based on its review of updated medical records.

92. On October 26, 2016, Defendant USAA stated that it remained unclear to USAA as to the validity and basis of Dr. Martinez's impairment rating.

93. On October 26, 2016, Defendant USAA stated that it did not include the costs of future medical treatment because Plaintiff Mr. Bild had not yet pursued the recommended surgical treatment.

94. On November 3, 2016, Plaintiff requested that USAA preserve and disclose Ms. Fritz's claim file, personal notes, and evaluations on his claim.

95. On November 4, 2016, Defendant USAA stated that USAA adjuster Karen Fritz was still assigned to this claim file, but that she was out of the office for an "undetermined amount of time."

96. On November 4, 2016, Defendant USAA representative Kimberly Parker denied that there was an undisclosed initial evaluation of Mr. Bild's claims for benefits.

97. On November 18, 2016, Defendant USAA attended mediation with Judge Ann Frick of the Judicial Arbiter Group.

98. On November 18, 2016, Defendant USAA was represented at mediation by Kimberly Parker.

99. On November 18, 2016, Defendant USAA did not attend the mediation with proper authority to resolve Mr. Bild's claims for benefits.

100. On November 18, 2016, Defendant USAA attended the mediation with less authority than their initial evaluation performed by adjuster Karen Fritz.

101. On November 18, 2016, in the course of the mediation, Defendant USAA failed to act in good faith.

102. On November 18, 2016, in the course of the mediation, Defendant USAA was unrepresented by legal counsel.

103. On November 18, 2016, in the course of the mediation, Defendant USAA representative Kimberly Parker refused to cooperate in good faith with mediator Judge Ann Frick.

104. On November 23, 2016 Plaintiff provided USAA with a revised life care plan and economic report, based on Dr. Maxcy's clarified future treatment recommendations.

105. On November 23, 2016, Plaintiff provided USAA with a letter outlining USAA's refusal to participate in the mediation in good faith.

106. On November 25, 2016, Defendant USAA stated that they do not intend to compensate Plaintiff Adam Bild, their insured, for his future recommended medical treatment.

107. At no time prior to June 23, 2016 did Defendant USAA obtain any written medical opinions to rebut the medical recommendations of Plaintiff's treating doctors.

108. At the time of the filing of this Complaint, Defendant USAA has not provided any benefit under the Policy to Plaintiff for permanent impairment damages relating to his injuries.

109. At the time of the filing of this Complaint, Defendant USAA has not provided any benefit under the Policy to Plaintiff for future medical recommendations.

110. At the time of filing this Complaint, USAA has not paid Plaintiff any benefits under the Policy of insurance with USAA.

111. At the time of filing this Complaint, Plaintiff submitted his claim to USAA approximately 311 days ago.

## FIRST CLAIM FOR RELIEF
(Underinsured Motorist Claim/ Breach of Contract)

112. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

113. The Plaintiff recovered $100,000, from the liability insurance carrier which is the maximum amount of liability insurance coverage available for the collision.

114. The liability insurance policy limits did not fully compensate Plaintiff for his injuries, damages, and losses sustained in the March 4, 2013 collision.

115. Plaintiff is entitled to recover underinsured motorist benefits provided in his insurance policy with Defendant USAA.

116. Plaintiff and Defendant USAA entered into a contract of insurance as identified herein; whereby, Defendant USAA provided UIM coverage to Plaintiff and promised to pay UIM benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

117. At the time of the incident, USAA insured Plaintiff for $1,000,000 in UIM benefits.

118. Defendant USAA has breached its contract of insurance by failing to pay UIM benefits owed under the Policy to Plaintiff.

119. As a direct and proximate result of Mr. Lewin's negligence and as a direct and proximate result of the damages sustained by Plaintiff in the March 4, 2013, incident, and as required by C.R.S. §10-4-609 and Defendant USAA's policy, and as a direct result of Defendant USAA's breach of contract, Plaintiff has suffered damages and Defendant USAA is liable to pay UIM benefits to Plaintiff to compensate him for his injuries, damages, and losses.

**SECOND CLAIM FOR RELIEF**
(Common Law Bad Faith Breach of Insurance Contract)

120. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

121. Plaintiff and Defendant USAA entered into a contract for insurance as identified herein; whereby, Defendant USAA provided underinsured motorist coverage to Plaintiff and promised to pay UIM benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

122. Defendant USAA acted unreasonably in failing to timely and reasonably pay the UIM benefits to Plaintiff arising from the injuries, damages, and losses sustained by Plaintiff in the March 4, 2013 incident, and by continuing to delay and deny payment.

123. Defendant USAA's conduct described above was unreasonable and further violated C.R.S. §10-3-1104(1)(h).

124. Defendant USAA knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described was unreasonable.

125. As a direct and proximate result of Defendant USAA's bad faith conduct, Plaintiff has sustained injuries, damages, and losses.

### THIRD CLAIM FOR RELIEF
(Statutory Claim for Damages For Unreasonable Delay and Denial of Benefits Under C.R.S. § 10-3-1115 and 10-3-1116)

126.  Plaintiff incorporates the allegations set forth above as though fully set forth herein.

127.  Plaintiff and Defendant USAA entered into a contract for insurance as identified herein; whereby, Defendant USAA provided UIM coverage to Plaintiff and promised to pay UIM benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

128.  Pursuant to C.R.S § 10-3-1115, Defendant USAA cannot unreasonably delay or deny payment of UIM benefits to Plaintiff.

129.  Defendant USAA violated C.R.S. § 10-3-1115 by delaying and denying payment of UIM benefits it owes to Plaintiff for the injuries, damages and losses suffered in the March 4, 2013 incident without a reasonable basis for its delay or denial.

130.  Defendant USAA acted unreasonably in its investigation and its dealings with its insured Plaintiff.

131.  Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorneys' fees, court costs and two times the covered benefits as a result of Defendant USAA's unreasonable delays.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendant, including benefits owed to Plaintiff for a breach of contract under the policies of insurance issued to Plaintiff by Defendant in an amount to be determined at trial; damages for common law bad faith including economic and noneconomic damages, and statutory damages as provided by C.R.S. §10-3-1116, including costs, attorneys' fees, and two times the covered benefits, as well as pre-judgment interest, post-judgment interest, and such other and further relief as the Court deems just and proper.

### JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY TO SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 26th day of January, 2017.

                                            **BURG SIMPSON**
                                            **ELDREDGE HERSH & JARDINE, P.C.**

*(Original signature on file at Burg Simpson Eldredge Hersh & Jardine, P.C.)*

/s/ Reeves Whalen
Reeves Whalen, Reg. No. 40189
Jacob M. Burg, Reg. No. 47766

*Attorneys for Plaintiff Adam Bild*

**Plaintiff's Address**
9101 Tudor Drive, F 109
Tampa, FL 33615